

Judicial Links | eFiling | Help | Contact Us | Print      GrantedPublicAccess Logoff MOLLIEGMOHAN

**21SL-CC04215 - SANDRA DOANE V HMSHOST CORPORATION (E-CASE)**

| Case | Parties & | Docket | Charges, Judgments | Service | Filings | Scheduled | Civil | Garnishments/ |
|------|-----------|--------|--------------------|---------|---------|-----------|-------|---------------|
| Header | Attorneys | Entries | & Sentences | Information | Due | Hearings & Trials | Judgments | Execution |

**Click here to eFile on Case**

Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**10/14/2021**  ☐ <u>Summons Issued-Circuit</u>

Document ID: 21-SMCC-9197, for HMSHOST CORPORATION. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**09/09/2021**  ☐ **Note to Clerk eFiling**

**Filed By:** RYAN SCHELLERT

☐ <u>Memorandum Filed</u>

Memo re Filing Fee.

**Filed By:** RYAN SCHELLERT

**On Behalf Of:** SANDRA DOANE

☐ **Judge/Clerk - Note**

THIS CASE HAS BEEN RETURNED DUE TO MISSING FILING FEE'S. THE CORRECT FILING FEE FOR CIRCUIT CIVIL CASES IS $105.50. THE FILING FEE INCREASED ON 8-28-18. PLEASE RE-FILE WITH THE CORRECT AMOUNT OF FEE'S.

**09/08/2021**  ☐ **Filing Info Sheet eFiling**

**Filed By:** RYAN SCHELLERT

☐ <u>Pet Filed in Circuit Ct</u>

Petition.

**Filed By:** RYAN SCHELLERT

**On Behalf Of:** SANDRA DOANE

☐ **Judge Assigned**

---

Case.net Version 5.14.24      [Return to Top of Page](#)      Released 09/07/2021

Privacy • Terms

**EXHIBIT A**

**21SL-CC04215**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

## IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY, MISSOURI
## CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| SANDRA DOANE | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No.:** |
| **v.** | ) | |
| | ) | **Division No.:** |
| HMSHOST CORPORATION | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve: | ) | |
| Registered Agent | ) | |
| CSC-LAWYERS INCORPORATING | ) | |
| SERVICE COMPANY | ) | |
| 221 Bolivar St | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| **Defendant.** | ) | |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff Sandra Doane, by and through her undersigned attorneys, and

for her Petition for Damages, against Defendant HMSHOST Corporation, states the following:

### NATURE OF THE ACTION

1.      Count I of this Petition is authorized and instituted under the Missouri Human

Rights Act, § 213.010 RSMo., et seq. (MHRA); Count II of this Petition is authorized and

instituted under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §

12101, et seq.; Count III of this Petition is authorized and instituted under the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C § 621, et seq; Count IV of

this Petition is authorized and instituted under the Family And Medical Leave Act, 29 U.S.C. §

2615 & 2617 ("FMLA").

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

## THE PARTIES

2.      Plaintiff Sandra Doane ("Plaintiff) is an individual and resident of Saint Charles County, Missouri

3.      Defendant HMSHOST Corporation ("Defendant") is a foreign general business-for profit corporation that at all relevant times herein conducted business in Saint Louis County, Missouri.

## VENUE AND JURISDICTION

4.      Personal jurisdiction and venue are proper because the events described in this Petition occurred in Saint Louis County, Missouri.

## FACTS COMMON TO ALL COUNTS

5.      Plaintiff worked at Defendant HMSHOST Corporation for 28 years in various roles.

6.      Defendant operates restaurants at the Lambert St. Louis Airport.

7.      Plaintiff worked for the Defendant at the airport at Defendant's different restaurants.

8.      Approximately in 2018 Tony Little became Plaintiff's customer service manager.

9.      Tony Little told Plaintiff that he was hired to fire no matter how long Plaintiff had been there.

10.      Defendant including Tony Little made comments about Plaintiff's seniority all the time.

11.      Plaintiff moved to the Defendant's Three Kings restaurant approximately in 2018.

12.      Tony Little continued to harass Plaintiff.

2

EXHIBIT A

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

13.     Customers even commented about how he acted towards Plaintiff.

14.     The other managers began harassing Plaintiff and other older workers.

15.     Plaintiff was born in 1961 and is currently sixty (60) years old.

16.     The other manager Thomas Bud told Plaintiff that Plaintiff was a trouble-maker.

17.     Defendant's management had been heard saying they "need to get the seniors out of here".

18.     Plaintiff filed a complaint against her manager Melanie Skoklo for harassing and yelling at Plaintiff.

19.     Plaintiff and Defendant had a meeting on August 1 regarding Plaintiff's complaint.

20.     Defendant stated they would speak with her, Melanie Skoklo.

21.     Melanie Skoklo continued to harass Plaintiff and wrote Plaintiff up for false allegations regarding customer service.

22.     Plaintiff has a bad back.

23.     Plaintiff had a procedure in January 2019 that required Plaintiff to take off approximately one week.

24.     Plaintiff continued to have flare ups that caused tightness and pain and made it difficult to work.

25.     Plaintiff requested intermittent Family and Medical Leave Act (FMLA) leave on August 13, 2019 which Plaintiff's physician had filled out paperwork for.

26.     It was supposed to start August 14, 2019, however, Defendant refused to process the paperwork despite Plaintiff's frequent inquiries.

**EXHIBIT A**

Electronically Filed - St Louis County - September 06, 2021 - 03:48 PM

27.     Defendant refused to accommodate Plaintiff's disability by failing to grant her the reasonable accommodation of intermittent leave.

28.     Defendant gave Plaintiff frequent write ups for things they do not write up other employees.

29.     Plaintiff believed they were trying to fire her.

30.     Plaintiff complained but they continued to harass her.

31.     Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights on or about September 25, 2019, Charge No. E-09/19-51470; 28E-2020-00010C.

32.     Defendant approved Plaintiff's FMLA request after she filed the Charge of Discrimination.

33.     Defendant's Human Resource apologized to Plaintiff for taking too long for processing Plaintiff's FMLA paperwork.

34.     Defendant's management discussed Plaintiff's FMLA request with Plaintiff's coworkers.

35.     On October 8, 2019 Tony Little was rude and harassing towards Plaintiff all day and threatened her that "I better keep up".

36.     Plaintiff's manager Tony Little yelled at her and threatened to send her home on November 15, 2019.

37.     On November 25, 2019 Mike the manager wrote Plaintiff up and included on the paperwork that Plaintiff had 4 ½ points, but Plaintiff did not have that many.

38.     Plaintiff had a doctor's note and should not have received points.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

39.     Mike the manager, told Plaintiff not to worry about it because they "can't fire you anyway".

40.     Defendant created another shift that was nearly identical to Plaintiff's shift on October 31.

41.     Plaintiff was told by her union representative that Thomas Bud said it was because of Plaintiff's FMLA request and they would need to cover Plaintiff's shift.

42.     However, they have never used such a system with other employees.

43.     The person whose bid was accepted was named Shannon Williams.

44.     Plaintiff's manager began to transfer Plaintiff's tables to Shannon and threatened to send Plaintiff home.

45.     Defendant's management then wrote Plaintiff up for not placing an order for the table that was taken from Plaintiff.

46.     Plaintiff had spent a good part of the day rolling silverware.

47.     Defendant's managers would not let Plaintiff ring out.

48.     Manager Terrance Bell ran in back and came out shaking and holding a silverware tray.

49.     He yelled at Plaintiff that she needed to roll silverware before they would ring her out.

50.     They do not act like this towards other staff members.

51.     Defendant's managers continued to harass Plaintiff.

52.     Defendant's managers harassed Plaintiff several times per week.

53.     The harassment has been witnessed by Plaintiff's coworkers.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

54.     Plaintiff believed Defendant's managers were harassing her to make the work conditions unbearable so that Plaintiff was forced to resign.

55.     Plaintiff filed a first amended charge of discrimination with the Missouri Commission on Human Rights in February 2020.

56.     Melanie Skoklo wrote Plaintiff up on February 26, 2020 allegedly because Plaintiff charged a customer's credit card for the wrong meal.

57.     This is a common occurrence.

58.     Other servers are not reprimanded by Defendant when this happens.

59.     Defendant used this as an excuse to give Plaintiff a final written warning.

60.     Defendant suspended Plaintiff on February 27, 2020 and walked Plaintiff out and took her badge.

61.     The reprimand and suspension were further acts of discrimination and retaliation.

62.     Plaintiff had a meeting on March 3, 2020 with Defendant's management and Plaintiff's union representative.

63.     Numerous coworkers made statements in Plaintiff's defense.

64.     Defendant's management was not happy that Plaintiff's coworkers agreed with her position.

65.     Plaintiff's union representative later called Plaintiff and indicated that she would return to work on March 5, 2020.

66.     Plaintiff began the grievance process and was supposed to have mediation on March 19, 2020.

67.     However, Plaintiff was laid off on March 19, 2020 by Defendant, allegedly due to the COVID-19 slowdown.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

68.     Plaintiff returned to work June 26, 2020.

69.     Plaintiff filed a second amended charge of discrimination with the Missouri Commission on Human Rights on June 30, 2020.

70.     Defendant's management continued to harass and retaliate against Plaintiff.

71.     On July 18, 2020, Plaintiff had an issue ringing up a customer's order that had vouchers, where Plaintiff closed the receipt to the voucher.

72.     Plaintiff took the order to her manager, Nakisha Vincent.

73.     Nakisha finished ringing out the ticket.

74.     Nakisha failed to give the customer proper credit for their voucher.

75.     Plaintiff did not think she rang it up correctly and told her it did not look right.

76.     Nakisha told Plaintiff not to worry about it.

77.     Plaintiff took pictures of the tickets because Plaintiff felt that management would somehow blame Plaintiff if something went wrong.

78.     The customer complained to corporate that she was overcharged.

79.     Thomas Bub blamed Plaintiff and suspended her on July 30, 2020.

80.     The suspension was labeled "suspension pending investigation for possible termination".

81.      Plaintiff filed a grievance with her union.

82.     At the grievance meeting on August 3, 2020, Defendant's management brought paperwork on the events, however they did not bring the adjusted receipt that Nakisha did.

83.     Bub looked at Plaintiff and said, "your fired".

84.     He did not know that Plaintiff took the photographs.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

85.     Plaintiff's union representative brought up that Nakisha had run out the ticket and showed Bub the photograph of the final ticket Nakisha did.

86.     Bub did not have anything to say and Plaintiff's union rep was able to save Plaintiff's job.

87.     If Plaintiff did not take photographs, Defendant would have terminated Plaintiff because they hid evidence of Plaintiff's innocence to justify getting rid of Plaintiff.

88.     Defendant's management kept harassing Plaintiff.

89.     Defendant's management frequently asked Plaintiff if she was taking pictures of everything.

90.     Defendant tried to implement a new cell phone ordering system.

91.     The system did not work well, and customers complained.

92.     Defendant's management blamed Plaintiff for the issues with the system.

93.     On September 12, 2020, Plaintiff's place of employment was very busy and Plaintiff was the only server working.

94.     This was a Saturday and usually Defendant schedules two servers on Saturdays because they are busy.

95.     Plaintiff called manager, Cynthia Dew and asked for assistance.

96.     She told Plaintiff "No. Not going to happen".

97.     She often assisted other servers.

98.     Plaintiff's customer ordered two bloody Mary's.

99.     Plaintiff's customer later scanned the QR code to order chicken tenders, prior to lunch being served.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

100.    Plaintiff told the customer that they could not order chicken tenders, but they could order break-fast.

101.    They indicated that they would not order food, but kept the bloody Mary's.

102.    They had two separate tickets, one for the bloody Mary's and one for the chicken tenders.

103.    Plaintiff accidently gave the customer the check for the chicken tenders rather than the bloody Mary's.

104.    Plaintiff told her manager, Cynthia that Plaintiff gave the customer the wrong check.

105.    Cynthia said Plaintiff needed to "eat" the $30 order for the bloody Mary's.

106.    However, the chicken tenders were never made.

107.    Nakisha took over for Cynthia.

108.    Nakisha said the situation was a "void", and that is happens all the time.

109.    She voided the two bloody Mary's.

110.    Defendant suspended Plaintiff on September 17, 2020.

111.    Defendant told Plaintiff she was terminated on September 21, 2020.

112.    Plaintiff had a grievance meeting on September 28, 2020, where Defendant confirmed Plaintiff's termination.

113.    Defendant allegedly terminated Plaintiff over the $3.25 difference between the bloody Mary's and the chicken tenders.

114.    Defendant often amended the checks of other servers to correct discrepancies.

115.    Defendant has harassed and discriminated against Plaintiff because of her age and disability, including creating a hostile work environment; and retaliated against Plaintiff

EXHIBIT A

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

because of her complaints of differential treatment and attempts to exercise her rights under the Family Medical Leave Act.

## COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

116.    Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition

117.    This Petition is authorized and instituted under the Missouri Human Rights Act (MHRA), Section 213.010 R.S.Mo. et seq..

118.    Plaintiff timely filed a third amended charge of discrimination with the Missouri Commission on Human Rights, dually filed with the Equal Employment Opportunity Commission (EEOC), Charge number E-09/19-51470 / 28E-2020-00010 on or about October 13, 2020.

119.    The Missouri Commission on Human Rights issued Plaintiff a Right to Sue on June 10, 2021.

120.    The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue on or about June 15, 2021.

121.    At all relevant times herein, the Defendant was an employer as defined by the MHRA.

122.    At all times relevant herein the Defendant had in excess of 500 employees and in in excess of six employees who worked in the State of Missouri.

123.    Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, et seq.

124.    At all times relevant herein the Plaintiff was a person between the ages of 40 and 70 years.

EXHIBIT A

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

125.    Plaintiff is disabled as defined under the MHRA, more particularly her disability entails back problems and/or back injury.

126.    The Plaintiff's disabilities inhibit major life activities including working.

127.    Plaintiff requested reasonable accommodations from the Defendant for her back injury.

128.    It was otherwise clear that the Plaintiff might need accommodation.

129.    The Defendant failed to provide reasonable accommodations that would enable the Plaintiff to perform the essential functions of her job.

130.    Plaintiff has been harassed, discriminated and retaliated against based on her age, disability or perceived disability, denied requests for reasonable accommodations and retaliated against for seeking accommodations for her disability and her complaints of discrimination and harassment.

131.    Plaintiff has been subjected to a hostile work environment due to her age, disability or perceived disability, requests for reasonable accommodations and complaints regarding the harassment and discrimination.

132.    Plaintiff was subject to unwelcome harassment and discrimination by the Defendant and its agents and employees.

133.    During Plaintiff's term of employment, she was harassed and discriminated against in that she was subjected to hostile, offensive, abusive and unwelcome conduct and statements.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

134.    The harassment Plaintiff was subjected to was based on her age, disability or perceived disability, requests for reasonable accommodations and complaints regarding the harassment and discrimination.

135.    The Defendant established and permitted an environment very hostile to Plaintiff, and made it very difficult for the Plaintiff to perform her job duties.

136.    The harassment and discrimination of the Plaintiff affected a term, condition, or privilege of her employment.

137.    The Defendant was aware of the harassment and discrimination inflicted on the Plaintiff.

138.    The management staff for the Defendant was unsupportive of the Plaintiff's complaints.

139.    Despite the complaints by Plaintiff, offensive, abusive and unwelcomed conduct and statements toward the Plaintiff continued.

140.    The harassment and discrimination Plaintiff was subjected to was frequent and continuing in nature.

141.    The Defendant took discriminatory and harassing actions towards the Plaintiff in regards to her job duties and by treating younger and non-disabled employees more favorable, and by retaliating against the Plaintiff because of her age, disability and/or perceived disability and because of her requests for accommodations, complaints of discrimination and harassment.

142.    The discriminatory and harassing actions of Plaintiff's managers and supervisors were sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile, offensive and/or abusive.

143.    Plaintiff found her work environment to be hostile, offensive and/or abusive.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

144     Plaintiff complained to supervisors for the Defendant about the issues but they refused to address the situation.

145.    The Defendant did not exercise reasonable care to prevent and promptly correct any harassing and discriminatory behavior by its employees.

146.    The Defendant failed to provide the Plaintiff any preventive or corrective opportunities.

147.    Plaintiff was subject to discriminatory actions by the Defendant and its agents and employees.

148.    The Defendant actions were directly and causally connected to Plaintiff's opposition of practices prohibited by the MHRA.

149.    Plaintiff was harassed, discriminated against, and terminated by the Defendant because of her age, disability and/or perceived disability, because of her requests for accommodation and complaints of discrimination and harassment and her exercising her rights under the Missouri Human Rights Act, as it relates to employment.

150.    The Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee, because of her age, and disability and/or perceived disability, because of her requests for accommodation and her complaints of harassment and discrimination.

151.    The Defendant harassed, terminated and discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her age, her disability and/or perceived disability, and because of her requests for accommodations and complaints of harassment and discrimination.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

152.    The Defendant harassed, retaliated and discriminated against Plaintiff because she opposed practices prohibited by Chapter 213 R.S.Mo. and/or because she filed a complaint, testified, assisted, or participated in investigations, proceedings or hearings conducted pursuant to Chapter 213 R.S.Mo.

153.    The Defendant, by its actions and failures to act, including but not limited to those described above, have consistently harassed, retaliated and discriminated against the Plaintiff on account of her age, disability and/or perceived disability, because of her requests for accommodation and complaints of harassment and discrimination on a continuing basis, since November 2017 to the date of Plaintiff's termination, as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

154.    Plaintiff's age, disability and/or perceived disability, requests for accommodation, her complaints of harassment and discrimination and opposition to practices prohibited by Chapter 213 of the Missouri Revised Statutes were a contributing and motivating factor and the exclusive cause in Defendant's harassment, discrimination, retaliation and actions against her including her termination.

155.    Plaintiff has suffered financial loss including but not limited to lost wages and benefits, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant.

156.    The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

157.    The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

EXHIBIT A

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

158.    The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant has violated the rights of the Plaintiff as set forth above; That a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment, discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT II -- VIOLATIONS UNDER TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990 – 42 U.S.C. 12101

159.    Plaintiff restate and incorporate as though fully stated herein, all previous and subsequent paragraphs of her Petition.

160.    Plaintiff is disabled as defined under the Americans with Disabilities Act of 1990.

161.    The Plaintiff's disabilities inhibit major life activities including working.

162.    The Plaintiff is a member of the class of people intended to be protected by the Americans with Disabilities Act of 1990, as amended.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

163.     At all relevant times herein, the Defendant was an employer as defined by the Americans with Disabilities Act of 1990, as amended.

164.     The Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 12101, *et seq.*, of Title I of the Americans with Disabilities Act of 1990, as amended, by practices including but not limited to the following:

a.     Treating Plaintiff differently than similarly situated individuals because of her disability and/or perceived disability;

b.     Reprimanding Plaintiff because of her disability and/or perceived disability;

c.     Retaliating against Plaintiff for seeking accommodations for her disability;

d.     Retaliating against Plaintiff for seeking medical leave;

e.     Refusing to grant Plaintiff a reasonable accommodation of intermittent leave;

f.     Terminating Plaintiff from employment.

165.     As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

166.     Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*

**WHEREFORE**, Plaintiff prays this honorable court enter Judgment against the Defendant and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

damages, for interest, for her costs and attorney's fees, for damages for past and future mental

anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts,

and for such other and further relief as the Court deems just and proper.

<u>**COUNT III - VIOLATIONS UNDER THE AGE DISCRIMINATION IN**</u>
<u>**EMPLOYMENT ACT OF 1967 – 29 U.S.C. 621**</u>

167.    Plaintiff hereby re-alleges and incorporates by reference all facts contained in the

previous paragraphs of her Petition for Damages as though fully stated herein.

168.    This Count is authorized and instituted under the Age Discrimination in

Employment Act of 1967, as amended, 29 U.S.C § 621, et seq and the Missouri Human Rights

Act, § 213.010 RSMo., et seq. (MHRA).

169.    Plaintiff is a sixty (60) years old female.

170.    At all relevant times herein, Defendant was an employer as defined by The Age

Discrimination in Employment Act of 1967.

171.    Defendant established and permitted an environment very hostile to Plaintiff, and

made it very difficult for the Plaintiff to perform her job duties.

172.    Defendant intentionally engaged in unlawful employment practices in violation of

29 U.S.C. § 621, et seq., of the Age Discrimination in Employment Act of 1967, as amended, by

practices including but not limited to the following:

a.    Treating Plaintiff differently than similarly situated individuals because of

her age;

b.    Reprimanding Plaintiff because of her age;

c.    Retaliating against Plaintiff because of her age;

17

EXHIBIT A

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

d.    Harassed and discriminated against Plaintiff in that she was subjected to hostile, offensive, abusive and unwelcome conduct and statements regarding her age;

e.    Terminating Plaintiff from employment because of her age.

f.    Retaliated against Plaintiff for filing complaints and/or for testifying in relation to complaints of age-related harassment and discrimination;

173.    The actions of Defendant were motivated by Plaintiff's age.

174.    The Defendant authorized the doing and the manner of its agent's discriminatory acts.

175.    The Defendant ratified or approved the discriminatory actions of its agents.

176.    Defendants retaliated and discriminated against the Plaintiff, including terminating her, because she opposed practices prohibited by 29 U.S.C. § 621, et seq., of the Age Discrimination in Employment Act of 1967.

177.    As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

178.    Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq.

**WHEREFORE**, Plaintiff prays this honorable court enter Judgment against the Defendants and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, for interest,

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

for her costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering and for such other and further relief as the Court deems just and proper.

### COUNT IV – VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

179.    Plaintiff hereby re-alleges and incorporates by reference all facts contained in the previous paragraphs of her Petition for Damages as though fully stated herein.

180.    This Count is authorized and instituted under the Family and Medical Leave Act, 29 U.S.C. § 2615 & 2617 ("FMLA").

181.    The Defendant intentionally engaged in unlawful employment practices in violation of FMLA, including practices that interfered with, restrained and denied Plaintiff's exercise of or the attempt to exercise her rights under the FMLA including but not limited to the following:

      a.   Refused to timely grant Plaintiff's request for leave;

      b.   Discussed Plaintiff's request for leave with her co-workers;

      c.   Refused to accommodate/grant Plaintiff's request of intermittent leave;

      d.   Reprimanding Plaintiff;

      e.   Retaliating against Plaintiff for seeking accommodations for her disability;

      f.   Retaliating against Plaintiff for seeking medical leave;

      g.   Terminating Plaintiff from employment.

182.    The actions of Defendant chilled Plaintiff's willingness to exercise her rights under the FMLA because she feared further reprimands, retaliation, termination and harassment.

183.    Defendant discriminated against Plaintiff because she opposed the attempts by the Defendant to prevent employees from exercising their rights under the FMLA.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

184.    The Defendant intended to interfere with Plaintiff's rights under the FMLA.

185.    Defendant discriminated against Plaintiff because she:

a.      filed any charge, or has instituted or caused to be instituted any proceeding, under

        or related to the FMLA;

b.      has given, or is about to give, any information in connection with any inquiry or

        proceeding relating to any right provided under the FMLA; or

c.      has testified, or is about to testify, in any inquiry or proceeding relating to any

        right provided under the FMLA.

**WHEREFORE**, Plaintiff prays this honorable court enter Judgment against the

Defendant and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount

determined at trial but in excess of $25,000.00, for nominal damages in the event no actual

damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated

damages, for interest, for her costs and attorney's fees, for damages for past and future mental

anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts,

and for such other and further relief as the Court deems just and proper.


## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

**EXHIBIT A**

Electronically Filed - St Louis County - September 08, 2021 - 03:48 PM

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Ryan Schellert*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

**EXHIBIT A**

Electronically Filed - St Louis County - September 09, 2021 - 02:44 PM

**IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY, MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | | |
|---|---|---|
| **SANDRA DOANE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No.: 21SL-CC04215** |
| **v.** | ) | |
| | ) | **Division No.:** |
| **HMSHOST CORPORATION** | ) | |
| | ) | |
| **Serve:** | ) | |
| **Registered Agent** | ) | |
| **CSC-LAWYERS INCORPORATING** | ) | |
| **SERVICE COMPANY** | ) | |
| **221 Bolivar St** | ) | |
| **Jefferson City, MO 65101** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM**</u>

COMES NOW, Plaintiff by and through her attorney, and for her Memorandum attach

the remainder of the filling fee of $4.00.

Respectfully Submitted:

Kasper Law Firm, LLC

By:/s/ Ryan P. Schellert
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Highway 94 South
Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
kevinkasper@kasperlawfirm.net
ryanschellert@kasperlawfirm.net
*Attorney for Plaintiffs*

**EXHIBIT A**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing was served via the court's efile system to all parties of record.

<u>/s/ Ryan P. Schellert</u>

**EXHIBIT A**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number:  21SL-CC04215 |
|---|---|
| Plaintiff/Petitioner:<br>SANDRA DOANE | Plaintiff's/Petitioner's Attorney/Address<br>RYAN SCHELLERT<br>SUITE 108<br>3930 OLD HIGHWAY 94 S<br>SAINT CHARLES, MO  63304 |
| vs. | |
| Defendant/Respondent:<br> HMSHOST CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  HMSHOST CORPORATION
               Alias:
**CSC-LAWYERS INCORPORATING SERV**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>14-OCT-2021</u>
**Date**
_____ | Clerk

**Further Information:**
**AD**

### Sheriff's or Server's Return
**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*   Subscribed and sworn to before me on _____ (date).
My commission expires: _____  _____
                    Date                    Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT A**

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

EXHIBIT A

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**
If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**
Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

**For more information call: 314-615-8029**



**EXHIBIT A**